UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ISAIAH THOMAS WILLOUGHBY,<br><br>Defendant. | CASE NO. MJ20-425RSM<br><br>ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER |

This matter comes before the Court on the Motion for Review of Detention Order filed by Defendant Isaiah Thomas Willoughby. Dkt. #16. The Court has determined that oral argument is unnecessary. Mr. Willoughby moves for review of Magistrate Judge Tsuchida's July 20, 2020, Order that he be detained pending trial, Dkt #13. Although he mentions the risk of contracting COVID-19 in detention, the vast majority of his Motion focuses on the charges and history and characteristics of Mr. Willoughby.

An appeal of a magistrate's detention order is governed by 18 U.S.C. § 3145(b), which provides that "[i]f a person is ordered detained by a magistrate judge… the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The District Court Judge with original jurisdiction then reviews de novo the Magistrate Judge's detention order. *See United States v. Koenig*, 912 F.2d 1990, 1192 (9th Cir.

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 1

1990).  In ruling on a motion for pretrial detention, the Court must answer the same questions as the Magistrate Judge; whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required, and the safety of any other person and the community.  18 U.S.C. § 3142(f).  The United States typically bears the burden of showing that defendant poses a danger to the community by clear and convincing evidence, and it bears the burden of showing that a defendant poses a flight risk by a preponderance of the evidence.  *United States v. Gebro*, 948 F.2d 1118, 1120 (9th Cir. 1991).  However, the Bail Reform Act expressly provides that:

> [s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed. . . an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed…

18 U.S.C. § 3142(e).

      The Bail Reform Act identifies four factors that a court should consider in analyzing a detention motion: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including [] the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 2

The Government has accurately recounted the charges facing Defendant Willoughby and the procedural history of this case, Dkt. #18 at 1–2, and the Court finds it unnecessary to restate background information well known to the parties. Defendant is alleged to have started a fire at the Seattle Police Department East Precinct using debris and a flammable liquid, endangering persons inside and outside the building. There is video footage of this event. As alleged, this building is involved in interstate and foreign commerce and is owned by the Seattle Police Department, an institute and organization receiving Federal financial assistance. The Government thus brings charges under 18 U.S.C. §844(f)(1) and 844 (i), an offense listed in § 2332b(g)(5)(B). This offense carries a 5-year mandatory minimum sentence, with a maximum sentence of 20 years in prison.

As an initial matter, the Court finds that Mr. Willoughby's generalized concerns over the current COVID-19 pandemic alone are not a valid basis to reopen the issue of detention. A detention order may be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

There is a presumption of detention in this case under 18 U.S.C. § 3142(e). The Court has reviewed the briefing, attachments, and the entire record and finds no basis to question Judge Tsuchida's reasons for detention. The Court agrees with the Government that the record "overwhelmingly" supports pretrial detention. Mr. Willoughby presents a serious risk of flight, based on substantial evidence in the record including a recorded telephone call where he was advised by a friend to "get out of Seattle" and he responded "I can't leave 'til Wednesday. I have

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 3

to see you Wednesday, then I can leave Seattle," and later, "Wednesday, I'm outtie. After Wednesday, I'm out. I'm on vacation." Dkt. #18-3.  The Government argues that Defendant has told family he was going to leave town and head to Las Vegas.  The Government presents convincing evidence that Mr. Willoughby has a history of repeatedly failing to appear for court proceedings and on three prior occasions committing new law violations while on release pending trial.  As the Government correctly points out, "[t]his is not a situation where the Court needs to engage in speculation as to whether a defendant is a flight risk." Dkt. #18 at 4.

The Court also finds that the nature and circumstances of the offense and the weight of the evidence weigh in favor of pretrial detention.  Based on Mr. Willoughby's criminal history, including acts of violence, as well as the above clear risk of flight, the Court disagrees with Mr. Willoughby that "the defense has met its burden with offering sufficient conditions of release that would both protect the community and reasonably ensure Mr. Willoughby's future court appearances."  *See* Dkt. #20 at 2.  Although the Court acknowledges Mr. Willoughby's community engagement, including running as a candidate for Seattle City Council and fundraising for a non-profit, such is insufficient to outweigh the above factors.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS that the Motion for Review of Detention Order, Dkt. #16, is DENIED.

DATED this 3rd day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR REVIEW OF DETENTION ORDER – 4